UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOSH HAYES, Individually and as PERSONAL REPRESENTATIVE OF THE ESTATE OF KIM HAYES, deceased, and JOHNNY HAYES and DONNA HAYES, individually,<br><br>      Plaintiffs,<br>vs.<br><br>RICHARDSON ENTERPRISES, INC., and MICHAEL BUENROSTRO<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.<br>)<br>)<br>)<br>)    JURY<br>) |

**PLAINTIFFS' COMPLAINT**

COME NOW the Plaintiffs, Josh Hayes, Individually and as Personal Representative of The Estate of Kim Hayes, deceased, and Johnny Hayes and Donna Hayes, Individually, and for their causes of action against the Defendants, allege as follows:

**THE PARTIES**

1. Plaintiff Josh Hayes is an Oklahoma citizen who is the son of Kim Hayes and has been appointed to be the Personal Representative of the Estate of Kim Hayes.

2. Plaintiff Donna Hayes is the mother of Kim Hayes and a citizen of Oklahoma.

3. Plaintiff Johnny Hayes is the father of Kim Hayes and is a citizen of Oklahoma.

4. Kim Hayes, deceased, was a citizen of Oklahoma at all relevant times.

5. Defendant Richardson Enterprises, Inc. is a company that is both incorporated in and has its principal place of business in the State of Texas.  It can be served with process by serving

its registered service agent, Ricky N. Richardson, at 20250 CR 2115 Troup, TX 75789 USA.

6. Defendant Michael Buenrostro is a citizen of the State of Texas. He is currently residing at the Gregg County Jail and can be served through the Gregg County Sheriff's Office located at 101 East Methvin Suite 559 Longview, TX 76501.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this case based on diversity of citizenship under 28 U.S.C. § 1332, as the Plaintiffs are citizens of different states from the Defendants and the matter in controversy, without interests and costs, exceeds the sum of $75,000.00.

8. This Court has personal jurisdiction over each Defendant. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because a substantial portion of the events and omissions giving rise to this lawsuit occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. This case arises out of a collision that occurred on May 10, 2019, within the Eastern District of Texas.

10. At all relevant times, Defendant Buenrostro was an employee of Defendant Richardson Enterprises, Inc. and was acting in the course and scope of his employment at the time of the referenced collision.

11. On May 10, 2019, Defendant Buenrostro was travelling northbound on State Highway 42 in the Eastern District of Texas when he crossed the centerline and crashed head-on into a vehicle that was being driven southbound on State Highway 42 by Plaintiffs' decedent, Kim Hayes. At the time of the crash Defendant Buenrostro was under the influence of drugs, including but not limited to cocaine, methamphetamine, and benzodiazepine.

12. The collision caused Kim Hayes to sustain massive injuries. She suffered from those injuries until she eventually succumbed to them and died on May 10, 2019.

13. The collision was caused by the negligence and reckless indifference of Defendant Buenrostro as follows:

    A. He was driving under the influence of intoxicating substances;

    B. He crossed the centerline into the southbound lane;

    C. He failed to yield to Kim Hayes's vehicle;

    D. He failed to maintain his vehicle in his lane of travel;

    E. He violated various city ordinances and Statutes of the State of Texas; and

    F. He was otherwise negligent and acting with reckless indifference as will be more fully set forth after discovery is completed.

14. Defendant Richardson Enterprises, Inc. is vicariously liable for the tortious acts of Michael Buenrostro under the doctrine of respondeat superior since Michael Buenrostro was acting in the course and scope of his employment with Defendant Richardson Enterprises, Inc. at the time of the collision.

15. Defendant Richardson Enterprises, Inc. was negligent and acted in reckless disregard by:

    a. Choosing to retain Defendant Buenrostro as an employee even though it knew or should have known that Defendant Buenrostro was not safe or competent to carry out duties assigned to him by Defendant Richardson Enterprises, Inc. thereby creating an unreasonable risk of harm to others;

    b. Failing to adequately supervise Defendant Buenrostro in that if it had it would have discovered Michael Buenrostro was not safe or competent to carry out duties

      assigned to him by Defendant Richardson Enterprises, Inc. thereby creating an unreasonable risk of harm to others;

  c. Failing to adequately train Defendant Buenrostro.

## SURVIVAL DAMAGES

16. As a result of the actions of the Defendants, Kim Hayes endured conscious physical and mental pain and suffering prior to her death.  As a result, Plaintiff Josh Hayes, as Personal Representative of the Estate of Kim Hayes, seeks to recover damages for Kim Hayes's conscious pain and suffering and all other allowable damages on behalf of the Estate of Kim Hayes.  Additionally, Plaintiff seeks to recover reasonable and necessary funeral and burial expenses.

## WRONGFUL DEATH DAMAGES

17. Plaintiffs Josh Hayes, Johnny Hayes, and Donna Hayes seek to recover all damages, past and future which they have and will sustain as a result of the death of Kim Hayes. The damages each seek include:

  a. Advice and counsel that each would, in reasonable probability, have received from the decedent had she lived;

  b. Loss of companionship and society, including the loss of positive benefits flowing from the love, comfort, companionship and society that each would in reasonable probability have received from Kim Hayes had she lived; and

  c. Mental pain and suffering each has experienced as a result of the death of Kim Hayes;

  d. Lost earning capacity and future income of Kim Hayes;

  e. Loss of inheritance.

## EXEMPLARY DAMAGES

18. Plaintiffs further allege that the Defendants' acts and/or omissions, as described herein, were the result of the Defendants' heedless and reckless disregard of the rights, safety and welfare of the decedent, Kim Hayes.

19. The Defendants' acts and/or omissions involved such an entire want of care that when viewed objectively from the standpoint of each of the Defendants at the time of the occurrence in questions, the acts and omissions complained of herein involved an extreme degree of risk, considering the probability and magnitude of the potential harm, and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the decedent, Kim Hayes.

20. By reason of the Defendants' acts, conduct and/or omissions, which constitute gross negligence, Plaintiffs hereby seeks recovery of exemplary damages.

## INTEREST AND COSTS

21. Plaintiffs seeks the recovery of pre-judgment and post-judgment interest as authorized by law.  Plaintiffs also seeks recovery for all court costs.

## JURY DEMAND

22. Plaintiffs demand trial by jury pursuant to Fed. R. Civ. P. 38(b).

## PRAYER

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for damages set forth above, costs of suit herein incurred, interest and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By: */s/ Michael Smith/*
Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 East Austin Street
Marshall, Texas 75670
Telephone: 903-938-8900
E-Mail:  michaelsmith@siebman.com

--and—

Michael Carr, (to appear pro hac vice)
4416 South Harvard Ave.
Tulsa, OK 74135
918-747-1000 (phone)
918-747-7284 (fax)
mcarr@carrcarr.com

ATTORNEYS FOR PLAINTIFFS